IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO ACOSTA CUBIDES,<br>PETITIONER, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL CASE NO. 3:26-CV-2052-B-BK |
| WARDEN OF THE PRAIRIELAND<br>DETENTION CENTER,[1]<br>RESPONDENT. | §<br>§<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus

under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management,

including the issuance of findings and a recommended disposition.  Upon review, the petition

should be **DISMISSED WITH PREJUDICE** as an abuse of the writ.

**I.   BACKGROUND**

On June 22, 2026, Petitioner Luis Alejandro Acosta Cubides's, an alien detainee, filed

this pro se second petition for writ of habeas corpus after the Court summarily denied his first

counseled petition.  Doc. 3 at 2; *Cubides v. Cerna et al.*, 6:26-cv-00142-H (N.D. Tex. Apr. 28,

2026) (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and holding that as an

"applicant for admission," Cubides is properly detained without bond under 8 U.S.C. §

---

[1] The Clerk of the Court is directed to change the caption to reflect that the Warden of the Prairieland Detention Center is the only proper respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody).  All other named respondents will be terminated from this civil action.  However, Petitioner may object to this modification within the 14-day statutory objection period.

1225(b)(2)(A), and the Due Process Clause of the Fifth Amendment does not require a bond hearing).

Cubides acknowledges the denial of his first petition but insists that his "prior petition was drafted in a generalized and limited manner" and "did not fully present the individualized constitutional violations, factual circumstances, aggressive enforcement conduct, coercive apprehension tactics, and excessive use of force surrounding [his] apprehension and detention." Doc. 3 at 1; *see also* Doc. 3 at 2 (detailed allegations of conduct by ICE agents). Cubides also states that his earlier petition did not emphasize that he had entered through a CBP One appointment, was issued a Notice to Appear, maintained a pending asylum application, possessed valid employment authorization and identification documents, and fully complied with the immigration regulations then in force. Doc. 3 at 3-4. Cubides thus seeks to relitigate his habeas petition and procedural due process claim. Doc. 3 at 8.

## II.  ANALYSIS

The Court of Appeals for the Fifth Circuit has found that a § 2241 petition should be dismissed as an abuse of the writ in two circumstances. *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). "First, 'a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)). "Second, it is an abuse of the writ for a [petitioner] to raise the same claim a second time. *Beras*, 978 F.3d at 252 (citing *Salinger v. Loisel*, 265 U.S. 224, 231, (1924)).

Cubides' petition raises the same procedural due process claim as his first and, as such, is an abuse of the writ. The additional circumstances he attempts to allege do not change the fact that his legal claim is virtually identical to the one presented in his earlier petition, or that

2

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) still proscribes the relief sought.

Because the Court previously addressed and rejected Cubides' procedural due process claims and

he presents no new claim or changed circumstances that impact the earlier ruling, his later-filed

petition is an abuse of the writ. *See Chacon v. Warden Eden Det. Center*, No. 6:26-CV-134-H

(N.D. Tex. Apr. 16, 2026) (applying the abuse-of-the-writ in the immigration habeas context);

*Tshishi v. Warden*, No. 3:26-CV-01526, 2026 WL 1733202, at *1 (W.D. Tex. June 15, 2026)

(same).

### III. CONCLUSION

For these reasons, Cubides' petition for a writ of habeas corpus should be **DISMISSED**

**WITH PREJUDICE** as an abuse of the writ.

**SO RECOMMENDED** on June 25, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

3